■ In the Matter of the Arbitration between JAMES TALCOTT, INC., Respondent, and M. LOWENSTEIN & SONS, INC., Appellant.— Judgment (denominated order), Supreme Court, New York County, entered on January 20, 1972, unanimously modified, on the law, to strike therefrom that portion of the second decretal paragraph thereof which purports to stay from consideration at the arbitration directed thereby of "alleged claims, counterclaims, set-offs or offsets, which arise under or which relate to the three contracts"

specified in that paragraph, and otherwise affirmed, without costs and without disbursements. Petitioner-respondent, factor of B. J. Barry & Co., Inc., being successor to Barry by assignment of its claims against respondent-appellant arising out of Barry's sales of goods to respondent-appellant, invoked the arbitration provisions of the sales agreement against the customer for the unpaid price under the three specified contracts. The seller is insolvent. In its answer in the arbitration proceeding, the customer asserted counterclaims and set-offs, not only under the three unpaid contracts, but also under others, payment on which had been made to Barry, as well as other affirmative relief arising from Barry's failure to complete the three unpaid contracts. Petitioner-respondent moved to stay arbitration under the paid contracts, and to stay relief even under the unpaid contracts for any amount in excess of that claimed by the factor. Special Term granted the application. Though petitioner-appellant is not "a party who had not participated in the arbitration and who has not made ＊ ＊ ＊ an application to compel arbitration" (CPLR 7503, subd. [b]), it is not thereby prevented from requesting the relief here sought where the other party has in its answer expanded the subject matter of the arbitration and, in effect, has reopened the entire proceeding as to subject matter. Thus, petitioner-appellant has requisite standing to apply for the relief here sought. The factor stands in the seller's shoes not alone to press its assigned claim, but to be held amenable to defenses and cross claims in respect thereof (see Uniform Commercial Code, § 9–318, subd. 1, par. [a]), but only to the extent of the dollar amount of the assignment, and, to that limit, but not beyond it, these defenses and cross claims may properly be asserted before the arbitrator. There may be no affirmative cross award in excess of the amount claimed by the factor. The question of fact as to whether the cross claims accrued "before the account debtor [received] notice of the assignment" (Uniform Commercial Code, § 9–318, subd. 1, par. [b]) will be for the arbitrator to determine. Concur — Markewich, J. P., Kupferman, Eager and Capozzoli, JJ.